UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CHARLES MARSHALL | : | CIVIL ACTION NO. |
| VERSUS | : | JUDGE |
| DEVAUGHN LUMPKIN, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., R.G.S. TRUCKING, INC., AND CLEAR BLUE SPECIALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN LUMPKIN ("Defendants"), Defendants in that certain proceeding entitled *"Charles Marshall v. Devaughn Lumpkin, et al."* bearing Docket Number 36737, filed in the 2nd Judicial District Court in and for the Parish of Jackson, State of Louisiana, hereby file this Notice of Removal and remove this action to the United States District Court for the Western District of Louisiana, Monroe Division, pursuant to 28 U.S.C.A. §1441, *et seq*, and 28 U.S.C.A. §1332.

A copy of this Notice of Removal is being served upon Geya D. Prudhomme and G. Adam Savoie as counsel for Plaintiff, Charles Marshall, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Parish of Jackson, State of Louisiana in conformity with 28 U.S.C. § 1446(d). In addition, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court record, as provided by the Jackson Parish Clerk of Court, is attached hereto *in globo*, as Exhibit A.

Defendants respectfully submit that the grounds for removal of the action are as follows:

I.

On February 15, 2022, a Petition for Damages entitled *"Charles Marshall v. Devaughn Lumpkin, et al."* bearing Docket Number 36737, was filed in the 2nd Judicial District Court in and for the Parish of Jackson, State of Louisiana, which state court is within the jurisdiction of the United States District Court, Western District of Louisiana, Monroe Division.

II.

Therein, Plaintiff, Charles Marshall, ("Plaintiff") set forth a claim for damages arising out of personal injuries allegedly sustained as a result of a motor vehicle accident on March 3, 2021, on LA Highway 4, in Jackson Parish, Louisiana. Named as Defendants in the Petition are Old Republic Insurance Company, Schneider National Carriers, Inc., Devaughn Lumpkin, R.G.S. Trucking, Inc., and Clear Blue Specialty Insurance Company.

<u>IMPROPER/FRADULENT JOINDER OF R.G.S. TRUCKING, INC.</u>

III.

Fraudulent/improper joinder is recognized "where there is 'no reasonable basis' for the district court to predict that that the plaintiff might recover against the in-state/non-diverse defendant."[1] "A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of removal."[2]

IV.

Plaintiff's petition names R.G.S. Trucking, Inc. ("R.G.S.") as a defendant in this matter. However, Plaintiff's petition does not allege any fault whatsoever on the part of R.G.S. and states no cause of action against R.G.S.

---

[1] *Booth v. Louisiana Citizens Coastal Plan*, 2:06-CV-2149, 2007 WL 933665, at *1 (W.D. La. 2/16/2007); citing to *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004).
[2] *Bank v. USAA General Indemnity Co.* 2020 WL 7251537, at *1 (W.D. La. 11/13/2020); citing to *Lassberg v. Bank of Am., N.A.*, 660 F.App'x 262, 266 (5th Cir. 2016).

V.

In paragraph two of Plaintiff's petition, Plaintiff alleges that Plaintiff "was operating a 2007 Freighline 18-wheeler Truck, owned by R.G.S. Trucking, Inc…." In paragraph eleven, Plaintiff alleges that "at the time of this collision, there was in full force and effect an uninsured/underinsured policy of insurance issued to Charles Marshall and R.G.S. Trucking, Inc., by Clear Blue Specialty Insurance Company under the terms of which it agreed to cover Charles Marshall for all damages over and above the limits of the policy of liability insurance." There are no other allegations against R.G.S. in Plaintiff's petition.

VI.

While Plaintiff alleges that R.G.S. owned the vehicle that Plaintiff was operating at the time of the accident and that a UM/UIM policy was issued to R.G.S., these allegations are insufficient to state a cause of action against R.G.S. There is no allegation that R.G.S. did anything to cause or contribute to the subject accident or Plaintiff's damages. Plaintiff has stated no cause of action against R.G.S. that would justify its presence in this suit and Plaintiff has no reasonable basis for recovery against R.G.S.

VII.

In light of the foregoing, R.G.S. is an improperly/fraudulently joined defendant, and as such, R.G.S. is not required to join in or consent to removal and should not be considered in determining whether this Court has diversity jurisdiction. The only properly joined and served defendants are Old Republic Insurance Company, Schneider National Carriers, Inc., Devaughn Lumpkin, and Clear Blue Specialty Insurance Company.

DIVERSITY OF CITIZENSHIP

VIII.

Plaintiff, Charles Marshall asserts in the Petition for Damages that he is a person of the full age of majority domiciled in the Parish of Natchitoches, State of Louisiana. Therefore, Charles Marshall is a citizen of Louisiana.

IX.

At the time of this action and at all times since, Defendant Old Republic Insurance Company was and has been a corporation incorporated in the State of Pennsylvania, with its principal place of business in Pennsylvania. Therefore, Old Republic Insurance Company is a citizen of Pennsylvania.

X.

At the time of this action and at all times since, Defendant Schneider National Carriers, Inc. was and has been a corporation incorporated in the State of Nevada, with its principal place of business in Green Bay, Wisconsin. Therefore, Schneider National Carriers, Inc. is a citizen of Nevada and Wisconsin.

XI.

At the time of filing this action in state court Defendant Devaughn Lumpkin was a resident and domiciliary of Tennessee. At the time of removal of this action, Defendant Devaughn Lumpkin is a resident and domiciliary of Georgia. Therefore, for the purposes of removal, Devaughn Lumpkin is a citizen of Tennessee and Georgia.

XII.

At the time of this action and at all times since, Defendant Clear Blue Specialty Insurance Company was and has been a corporation incorporated in the State of Texas, with its principal place of business in Irving, Texas. Therefore, Clear Blue Specialty Insurance Company is a citizen of Texas.

XIII.

Accordingly, complete diversity of citizenship exists between Plaintiff, Charles Marshall, and all *properly joined* Defendants, Old Republic Insurance Company, Schneider National Carriers, Inc., Devaughn Lumpkin, and Clear Blue Specialty Insurance Company as required for original jurisdiction to vest in the United States District Court Western District of Louisiana, Monroe Division, under 28 U.S.C.A. §1332.

XIV.

Further, Clear Blue Specialty Insurance Company consents to the removal of this action. (See Exhibit B, Clear Blue's written consent to removal). Therefore, all properly joined Defendants are either joining in or consent to the removal of this action as required under 28 U.S.C. §1446(b)(2)(A).

AMOUNT IN CONTROVERSY

XV.

Plaintiff's Petition for Damages alleges that "[t]he amount of plaintiff Charles Marshall's cause of action is more than $50,000", but it is not otherwise evident from the face of the Petition that the amount in controversy exceeds $75,000.00.

XVI.

However, on May 23, 2022, in response to Requests for Admissions, Plaintiff admitted that the value of Plaintiff's claim exceeds $75,000.00. Plaintiff also admitted that a healthcare provider has recommended surgery for Plaintiff as a result of injuries sustained in the subject accident. (See Exhibit C, Plaintiff's Responses to Requests for Admissions.)

XVII.

Based upon the foregoing, it is reasonable to conclude that the amount in controversy

exceeds $75,000.000, as required under 28 U.S.C.A. §1332.

## TIMELINESS OF REMOVAL

### XVIII.

Defendants first received notice that the amount in controversy of Plaintiff's claim exceeds $75,000.00, and thus that the case was removable, on May 23, 2022, upon receipt of Plaintiff's responses to the aforementioned Requests for Admissions.

### XIX.

As Defendants first received notice that the case had become removable on May 23, 2022, and this matter is being removed within thirty (30) days of Defendants' receipt of same, this Notice of Removal is timely under 28 U.S.C.A. §1446(b)(3).

## CONCLUSION

### XX.

Since there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and because the amount in controversy exceeds $75,000.00, the United States District Court for the Western District of Louisiana, Monroe Division, is vested with original jurisdiction over this action pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §1441, *et seq*.

### XXI.

Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over any and all claims, if any, for which it does not have original jurisdiction.

WHEREFORE, Defendants, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN LUMPKIN pray that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 2nd Judicial District Court for the Parish of Jackson, State of Louisiana, to this Honorable Court for trial and determination

as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

                RESPECTFULLY SUBMITTED
                **THE DILL FIRM, APLC**

                */s/ G. Austin Love*
BY:   _____
                JAMES M. DILL (Bar Roll #18868)
                G. AUSTIN LOVE (Bar Roll #36554)
                825 Lafayette Street
                Post Office Box 3324
                Lafayette, Louisiana 70502-3324
                Telephone: (337) 261-1408 Ext. 1216
                Facsimile: (337) 261-9176
                Email: alove@dillfirm.com
                ATTORNEY FOR OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., AND DEVAUGN LUMPKIN

## CERTIFICATE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by first class United States mail, properly addressed, postage prepaid, at the last known address.

Lafayette, Louisiana, this 14th day of June, 2022.

                */s/ G. Austin Love*
                _____
                G. AUSTIN LOVE