## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

CHARLES MARSHALL
vs.
DEVAUGHN LUMPKIN, ET AL

Court: 2nd Judicial District Court          Docket Number: 34737

Parish of Filing: JACKSON          Filing Date: 02/09/2022

Name of Lead Petitioner's Attorney: GEYA D. PRUDHOMME

Name of Self-Represented Litigant: _____

Number of named petitioners: 1          Number of named defendants: 5

Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

✓ Auto: Personal Injury                     __ Auto: Property Damage
__ Auto: Wrongful Death                     __ Auto: Uninsured Motorist
__ Asbestos: Property Damage                __ Asbestos: Personal Injury/Death
__ Product Liability                        __ Premise Liability
__ Intentional Bodily Injury               __ Intentional Property Damage
__ Intentional Wrongful Death              __ Unfair Business Practice
__ Business Tort                            __ Fraud
__ Defamation                               __ Professional Negligence
__ Environmental Tort                       __ Medical Malpractice
__ Intellectual Property                    __ Toxic Tort
__ Legal Malpractice                        __ Other Tort (describe below)
__ Other Professional Malpractice          __ Redhibition
__ Maritime                                 __ Class action (nature of case)
__ Wrongful Death
✓ General Negligence

Please briefly describe the nature of the litigation in one sentence of additional detail:
Auto Accident

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  Geya D. Prudhomme          Signature

Address  4300 Youree Drive, Ste 250 Shreveport, LA 71105

Phone number: (318) 670-7365          E-mail address: gprudhomme@dudleydebosier.com

**EXHIBIT**
**A**

FAX FILED: 2-9-2022

FILED

FEB 15 2022

BY: _Wendy Gaines_
WENDY GAINES, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSHALL                    NUMBER 36737   DIV.:

VERSUS                              2nd JUDICIAL DISTRICT COURT

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,         PARISH OF JACKSON
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY            STATE OF LOUISIANA
INSURANCE COMPANY

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **CHARLES MARSHALL**,

a resident of the full age of majority of the Parish of Natchitoches, State of Louisiana, who

respectfully represents:

1.

Made Defendants are:

1. **OLD REPUBLIC INSURANCE COMPANY**, a foreign insurance company, authorized to do and doing business in the State of Louisiana, with its agent for service of process being the Secretary of State, State of Louisiana;

2. **SCHNEIDER NATIONAL CARRIERS INC.**, a foreign corporation licensed to do and doing business in the State of Louisiana, with its principal business establishment in Green Bay, WI, but can be served through its registered agent for service of process, CT Corporation System, located at 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

3. **DEVAUGHN LUMPKIN**, a resident of the full age of majority of the State of Tennessee;

4. **R.G.S. TRUCKING, INC.**, a domestic corporation licensed to do and doing business in the State of Louisiana, with its principal business establishment in Campti, LA, and can be served through its registered agent for service of process, Richard G. Smith, located at 603 HWY. 486, Campti, LA 71411; and

5. **CLEAR BLUE SPECIALTY INSURANCE COMPANY**, a foreign insurance company, authorized to do and doing business in the State of Louisiana, with its agent for service of process being the Secretary of State, State of Louisiana.

2.

On or about March 3, 2021, **CHARLES MARSHALL** was operating a 2007 Freightline

18-wheeler Truck, owned by **R.G.S. TRUCKING, INC.** and was traveling east on LA Highway

4, near Chatham, Louisiana, in Jackson Parish.

3.

CERTIFIED COPY OF ORIGINAL
THIS _Wendy Gaines_ (At) approximately the same time and place, **DEVAUGHN LUMPKIN**, was operating a
_Wendy Gaines_
Dy. Clerk of Court
Jackson Parish

2017 FRG TRK 18-wheeler, owned by **SCHNEIDER NATIONAL CARRIERS INC.**, and was traveling southeast on LA Highway 146, near Chatham, Louisiana, in the Parish of Jackson.

4.

As **CHARLES MARSHALL** was lawfully traveling on LA Highway 4, **DEVAUGHN LUMPKIN**, turned left from LA Highway 146, onto LA Highway 4, in front of **CHARLES MARSHALL**, causing a collision between the two 18-wheelers and the injuries, damages, and losses complained of herein.

5.

This crash was caused by the fault of **DEVAUGHN LUMPKIN** for whose actions defendants are therefore responsible, and whose negligence is more particularly described as follows:

    a.    Making an improper left turn;

    b.    Failing to maintain a proper lookout;

    c.    Failing to yield the right of way;

    d.    Careless operation of his vehicle;

    e.    Failing to maintain reasonable and proper control of his vehicle upon a
          public road; and

    f.    Inattentiveness.

6.

Upon information and belief, at all material times herein, Defendant, **DEVAUGHN LUMPKIN**, was in the course and scope of his employment with Defendant, **SCHNEIDER NATIONAL CARRIERS INC.**, and therefore **SCHNEIDER NATIONAL CARRIERS INC.**, is liable unto petitioner under the doctrine of *respondeat superior.*

7.

**SCHNEIDER NATIONAL CARRIERS INC.**, had a duty to establish, communicate and enforce screening, training, and supervision procedures to prevent collisions of this nature. This breach of duty by **SCHNEIDER NATIONAL CARRIERS INC.**, caused **CHARLES MARSHALL** injuries and harms.

8.

**SCHNEIDER NATIONAL CARRIERS INC.** was negligent in its hiring, supervision,

retention and training of DEVAUGHN LUMPKIN.

9.

At all times relevant hereto, Defendant, **OLD REPUBLIC INSURANCE COMPANY**, had in full force and effect a policy of automobile liability insurance in favor Defendant, **SCHNEIDER NATIONAL CARRIERS INC.**, which provided liability coverage for the negligent acts mentioned herein.

10.

As a result of this collision, **CHARLES MARSHALL** sustained personal injuries which have caused him substantial pain and suffering, mental anguish, loss of enjoyment of life, lost wages and has incurred significant medical expenses for the treatment of his injuries, as well as other expenses.

11.

At the time of this collision, there was in full force and effect an uninsured/underinsured policy of insurance issued to **CHARLES MARSHALL** and **R.G.S. TRUCKING, INC.**, by **CLEAR BLUE SPECIALTY INSURANCE COMPANY** under the terms of which it agreed to cover **CHARLES MARSHALL** for all damages over and above the limits of the policy of liability insurance.

12.

At all material times, **CHARLES MARSHALL** was an underinsured motorist in that the limits of **CLEAR BLUE SPECIALTY INSURANCE COMPANY** are unknown and may not adequately compensate **CHARLES MARSHALL** for the losses, damages, and injuries that he sustained due to this collision.

13.

The amount of plaintiff **CHARLES MARSHALL'S** cause of action is more than $50,000.00.

WHEREFORE, Plaintiff, **CHARLES MARSHALL**, prays that Defendants be served with this petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, **CHARLES MARSHALL**, and against Defendants, **OLD REPUBLIC INSURANCE**

COMPANY, SCHNEIDER NATIONAL CARRIERS INC., CLEAR BLUE SPECIALTY

INSURANCE COMPANY, R.G.S. TRUCKING, INC., and DEVAUGHN LUMPKIN,

jointly, severally, and in solido, for such damages as are reasonable in the premises, together

with legal interest from the date of judicial demand until paid, all costs of these proceedings, and

such equitable relief to which plaintiff may be entitled.

BY ATTORNEYS:

DUDLEY DEBOSIER

GEYA D. PRUDHOMME (No. 29023)
G. ADAM SAVOIE (No. 32676)
4300 Youree Drive.
Suite 250
Shreveport, LA 71105
gprudhomme@dudleydebosier.com
ASavoie@dudleydebosier.com
Counsel for Plaintiff

**PLEASE SERVE:**

OLD REPUBLIC INSURANCE COMPANY
Through its Registered Agent for Service of Process
The Louisiana Secretary of State,
8585 Archives Boulevard
Baton Rouge, Louisiana 70809

CLEAR BLUE SPECIALTY INSURANCE COMPANY
Through its Registered Agent for Service of Process
The Louisiana Secretary of State,
8585 Archives Boulevard
Baton Rouge, Louisiana 70809

SCHNEIDER NATIONAL CARRIERS INC.
Through Its Registered Agent for Service of Process:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

R.G.S. TRUCKING, INC.
Through Its Registered Agent for Service of Process:
Richard G. Smith
603 HWY 486
CAMPTI, LA 71411

TO BE SERVED VIA LOUISIANA LONG ARM STATUTE
DEVAUGHN LUMPKIN
4218 Escrow St.
Memphis, TN 38128

FILED

FEB 15 2022

BY: _____
WENDY GAINES, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSHALL                          NUMBER: 36737   DIV.:

VERSUS                                    2nd JUDICIAL DISTRICT COURT

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,               PARISH OF JACKSON
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY                  STATE OF LOUISIANA
INSURANCE COMPANY

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## REQUEST FOR NOTICE

To:    Clerk of Court
       2nd Judicial District Court

       In accordance with Louisiana Code of Civil Procedure Article 1572, you are hereby

requested to give us notice by mail ten (10) days in advance of the date fixed for trial or hearing

of this case, whether on exceptions, motions, rules, or the merits.

       We also request immediate notice of all orders or judgments, whether interlocutory or

final, made or rendered in this case upon the rendition thereof as provided by Louisiana Code of

Civil Procedure Articles 1913 and 1914, including notice of judgment in the event this case is

taken under advisement, or if the judgment is not signed at the conclusion of the trial.

                                    BY ATTORNEYS:

                                    DUDLEY DEBOSIER

                                    _____
                                    GEYA D. PRUDHOMME (No. 29023)
                                    G. ADAM SAVOIE (No. 32676)
                                    4300 Youree Drive.
                                    Suite 250
                                    Shreveport, LA 71105
                                    gprudhomme@dudleydebosier.com
                                    ASavoie@dudleydebosier.com
                                    Counsel for Plaintiff

FILED

FEB 15 2022

BY: _____
WENDY GAINES, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSHALL                    NUMBER: 36737  DIV.:

VERSUS                              2nd JUDICIAL DISTRICT COURT

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,         PARISH OF JACKSON
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY            STATE OF LOUISIANA
INSURANCE COMPANY

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, CHARLES

MARSHALL, who propounds the following Interrogatories and Requests for Production upon

Defendants, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL

CARRIERS INC., and DEVAUGHN LUMPKIN, to be answered in writing, under oath, and

within the time provided by the Louisiana Code of Civil Procedure:

**INTERROGATORY NO. 1:**

If you contend that plaintiff(s) or any third party is at fault for the collision sued upon
herein, please state with specificity all acts of negligence you are contending, and please list
name, address, and phone number of all parties and/or witnesses you believe will support your
contentions.

**INTERROGATORY NO. 2:**

Please list the name, address and telephone number of the physician performing the most
recent examination/physical that provided the medical examiner's certificate to DEVAUGHN
LUMPKIN prior to the incident in question.

**INTERROGATORY NO. 3:**

Did DEVAUGHN LUMPKIN submit to a drug/alcohol screen or test within 24 hours of
the collision? If so, state the time, date, and address of the place where the screen or test was
performed and the result of each such screen/test.

**INTERROGATORY NO. 4:**

Had DEVAUGHN LUMPKIN consumed any drug, medicine, alcoholic beverage,
narcotic, marijuana, barbiturate and\or hallucinogen in the twenty-four (24) hours preceding the
collision giving rise to this litigation? If so, indicate the substances consumed or ingested,
whether the substance was prescribed by a physician, and if so, by what physician and when.

**INTERROGATORY NO. 5:**

State whether any disciplinary action was taken against DEVAUGHN LUMPKIN as a
result of his driving that resulted in this collision and please state the information.

**INTERROGATORY NO. 6:**

Please provide the year, make, model, manufacturer and identity of any GPS, black box, telematic, or similar system installed in the truck in question on the date of the collision.

**INTERROGATORY NO. 7:**

Does the commercial truck driven by DEVAUGHN LUMPKIN involved in the collision have an on-board computer and/or Electronic Logging Device? If so, identify all disks, files, records, computer tapes and other written materials generated, or that can be generated, by the use of the on-board computer during the trip, further identifying whether or not the items are in, or ever have been in, your company's possession.

**INTERROGATORY NO. 8:**

Please identify each and every person responsible for maintaining the subject commercial truck and trailer on or before the date of the collision sued upon herein.

**INTERROGATORY NO. 9:**

Has your company ever undergone a compliance review? If so, please state when, and please supply full details or a complete report of the review, including whether you were rated satisfactory, unsatisfactory, or conditional.

**INTERROGATORY NO. 10:**

State whether your company has a safety director. If so, please state his or her name, full title, address, and telephone number.

**INTERROGATORY NO. 11:**

Please state where DEVAUGHN LUMPKIN was going at the time of the subject collision. As part of your response, please explain in detail where he was coming from at the time of the subject collision, by starting at the place and time he entered his vehicle for the first time on the day of the collision until he was involved in the collision, including each and every stop he made from when he first entered the vehicle until the time of the collision.

**INTERROGATORY NO. 12:**

Please describe in detail your version of how the collision sued upon herein occurred.

**INTERROGATORY NO. 13:**

Please identify any and all person(s) or entity(ies) who may have conducted surveillance, monitoring, investigation, or collected information regarding prior claims, lawsuits, credit histories, criminal record, employment history, or activities performed by plaintiffs since the date of this collision.  With regard to any and all such person(s) and/or entity(ies), please state the following:

1.  Name, address, and telephone number;
2.  Relationship to defendant, DEVAUGHN LUMPKIN, including date retained and nature and amount of compensation;
3.  Any and all dates and locations where and when such services were performed;
4.  Whether written, video or audio recording(s) were collected or made on any of the dates mentioned above;

:5.     Any information obtained regarding prior claims, lawsuits, credit history, criminal record, or employment history; and

6.      Present custodian(s) of any and all such recordings or writings identified above.

## INTERROGATORY NO. 14

Regarding defendant, DEVAUGHN LUMPKIN, please state the following:

(A)     Whether you own any vehicle(s), and if so, year, make, model, and lien holder(s) for any/all such vehicles;

(B)     Whether you are employed, and if so,

> (1)     Rate of pay and annual income at present and for each of the past five (5) years;
>
> (2)     Any/all other sources of income, for the past five (5) years;
>
> (3)     Normal days and hours worked; and
>
> (4)     Whether you worked on the day of the crash

(C)     Whether you have been convicted of any crime(s), including any traffic offenses, during the past ten (10) years, and if so, please list each and every such offense, including the date, type of offense, disposition of any such offense, and sentence imposed;

(D)     Whether you have been involved in any automobile crashes within the past ten (10) years, and if so, the date, location, and a brief description of the circumstances surrounding each and every such crash, including whether anyone was injured, whether anyone was cited, and whether any insurance claim(s) or lawsuit(s) resulted therefrom and the disposition of same;

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please provide a copy of any correspondence to or from any experts consulted or retained in this matter and provide a copy of any/all reports or other written documentation prepared by or received from such experts.

2.      Please produce for inspection and/or copying any and all documents or things identified in response to Interrogatory No. 10, by whatever means or medium stored, including videotape, audiotape, or other electronic media or storage device(s) (surveillance).

3.      Please produce all medical records of plaintiff(s) in your possession, whether for treatment prior to or subsequent to the collision forming the basis for this suit.

4. Company manuals and/or guides regarding hiring, firing, and training of employees, specifically, drivers.

5. Company manuals and/or guides regarding the guidelines for driving company vehicles.

6. Company manuals and/or guides regarding cell phone usage by employees while driving company vehicles.

7. Company manuals and/or guides regarding reprimanding employees for company violations.

8. Please produce all documents in possession of the company, whether stored electronically or in paper form, related in any manner to DEVAUGHN LUMPKIN, including but not limited to all documents in any type of employment file, personnel file, risk management file, safety file, training file, or any other company file, as well as any and all documents in the possession of the company related in any manner to the collision sued upon herein.

9. Please produce all repair and maintenance records on the Defendant Vehicle involved in the collision sued upon, from March 3, 2020 to present.

10. Please produce any and all impeachment evidence you have on plaintiff(s), and whether you intend to use it at trial.

11. All records of any investigation, evaluation or finding by Defendant, relating to whether the crash was preventable or non-preventable from the standpoint of its driver.

12. All documents generated by the company's incident review board and/or internal organization that review incidents of its drivers concerning the chargeability of the incident.

13. A copy of all policies and procedure manuals, memoranda or directives, standard operating procedures, training manuals or materials or videos, driver manuals, handbooks, presentations, employee manuals, handbooks or brochures and supplements and updates thereto used or prepared by or on behalf of the Defendant.

14. All agenda and minutes of safety department meetings, along with the agenda and sign in sheets, for a period of 6 months prior to the crash to the present date.

15. A copy of company policy on driver discipline for violation of FMCSR.

16. A copy of the fuel history/receipts of the tractor belonging to Defendant involved in this crash for the 30 days prior to the crash.

17. All bills of lading for the defendant for the entire trip that were delivered before or was to be delivered after the crash.

18. All documents within the possession and/or control of the defendant which contain information of any on-board recording monitor, Electronic Logging Devices, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the subject truck for the 30 days before the incident through the date of the incident.

19. A copy of all mobile phone records and/or all mobile radio transmissions for the telephone or radio assigned to the driver of the truck in this crash.

20. All driver logs within possession of defendant regardless of format, be it paper, electronic or otherwise.

21.    A copy of all personal injury claims or suits brought against defendant within last 10 years.

22.    A copy of the entry-level driver training certificate for this driver if he obtained a CDL after July 20, 2003 as required by 49 C.F.R.380.503.

23.    A copy of the driver's entire application for employment as required by 49 C.F.R. 391.21.

24.    A copy of the driver's CDL License as required by 49 C.F.R. 391.33.

25.    A copy of driver's certification of violations for the past 3 years as required by 49 C.F.R. 391.27.

26.    A copy of driver's certification of prior collisions as required by 49 C.F.R. 390.15.

27.    A copy of all inquiries and responses into driver's employment history as required by 49 C.F.R.391.23 and 40.25.

28.    A copy of pre-employment MVR and initial check of the driver's record as required by 49 C.F.R. 391.23.

29.    A copy of annual review of driver history as required by 49 C.F.R.391.25 for the past 3 years.

30.    A copy of the medical examiners certification long form as required by 49 C.F.R. 391.41 for the past 3 years.

31.    A copy of the certificate of compliance with driver license requirements as required by 49 C.F.R. 383.21 and 383.33.

32.    A copy of the signed notification by the driver to notify the employer in writing within 30 days of a conviction of a traffic violation as required by 49 C.F.R. 383.31.

33.    Copy of the pre-employment drug testing control and custody form, along with the results as required by 49 C.F.R. 382.301.

34.    A copy of the post-crash drug/alcohol control and custody form, along with the results on the driver as required by 49 C.F.R. 382.303 and all related documents by defendant driver following the incident.

35.    A copy of the signed driver's previous pre-employment drug or alcohol test disclosure as required by 49 C.F.R. 40.25.

36.    A copy of the signed receipt that the driver received the company's drug and alcohol policy and educational materials describing your testing program as required by 49 C.F.R. 382.601.

37.    A signed copy of the driver statement of on-duty hours as required by 49 C.F.R. 395.8 for the date of this collision, and the 30 days before and after this collision.

38.    A copy of the collision register as required by 49 C.F.R. 390.15.

39.    Copies of all roadside inspection reports for the past 12 months for this vehicle and driver.

40.    A copy of all maintenance records for the truck and trailer involved in this crash for 12

months prior to the date of the crash.

41.   All vehicle condition reports and repair orders on the tractor involved in the crash which is the subject of this action for the last 6 months before the crash.

42.   A copy of defendant driver's collision reporting kit, by whatever name, regarding information to be completed, collected, documented, photographed, or otherwise investigated at the scene of a collision, including a list of all contents included therein.

43.   Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiffs.

44.   Please produce any contracts or agreements between DEVAUGHN LUMPKIN and SCHNEIDER NATIONAL CARRIERS, INC. that would have been in effect on the date of the subject collision.

45.   Please produce copies of any and all records reflecting the make, model, year, and registration of the vehicle (including the tractor and trailer) in question.

46.   Please produce any and all photographs or videotapes in any way related to the collision giving rise to this litigation, including, but not limited to:

A)   The plaintiff's vehicle;
B)   The defendant's vehicle;
C)   The location of the collision;
D)   The plaintiffs' injuries;
E)   The defendant's injuries; and
F)   Anything else in any way related to the collision or the events which ensued therefrom.

47.   Please provide a copy of any lease and trip lease contracts between SCHNEIDER NATIONAL CARRIERS, INC. and the truck/trailer owner and/or operator.

48.   A duly executed HIPPA authorization form for each and every medical provider listed in response to Interrogatory No. 11.

BY ATTORNEYS:

DUDLEY DEBOSIER

GEYA D. PRUDHOMME (No. 29023)
G. ADAM SAVOIE (No. 32676)
4300 Youree Dr.
Suite 250
Shreveport, LA 71105
gprudhomme@dudleydebosier.com
ASavoie@dudleydebosier.com
Counsel for Plaintiff

**PLEASE SERVE WITH PETITION**




D645135

# CITATION

CHARLES  MARSHALL

VS

DEVAUHGN LUMPKIN ET.AL.

DOCKET NUMBER: C-36737

SECOND JUDICIAL DISTRICT COURT

Parish of JACKSON

State of Louisiana

**FILED**

MAR 1 4 2022

BY: _Kristina Whitman_
KRISTINA WHITMAN, DY. CLERK
Jackson Parish Clerk of Court

TO:   R.G.S. TRUCKING, INC.
      THROUGH ITS REGISTERED AGENT
      FOR SERVICE OF PROCESS:
      RICHARD G. SMITH
      603 HWY 486
      CAMPTI, LA  71411

Parish:

**RETURN COPY**

'22 MAR 2 PM 3:08:53

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in the JACKSON Parish Courthouse, JONESBORO Louisiana, within thirty (30) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this FEBRUARY 15, 2022.

_____
Deputy Clerk of Court
JACKSON  Parish

RECEIVED ON THE _2_ DAY OF _March_ , 20 _22_  AND ON THE _7_ DAY OF _March_ , 20 _22_  SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _Joe Stewart_   _2:00 Pm_

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _Natchitoches_  THIS _7_ DAY OF _March_ , 20 _22_.

SERVICE $_____            BY: _Tim Key_  _20 Miles_
MILEAGE $_____               DEPUTY SHERIFF
TOTAL     $_____

ORIGINAL – RETURN       COPY – SERVICE       COPY - CLERK

D645143

# CITATION

CHARLES MARSHALL

VS

DEVAUHGN LUMPKIN ET.AL.

DOCKET NUMBER: C-36737

SECOND JUDICIAL DISTRICT COURT

Parish of JACKSON

State of Louisiana

FILED

MAR 1 7 2022

BY: Kristina Whitman
KRISTINA WHITMAN, DY. CLERK
Jackson Parish Clerk of Court

TO:  SCHNEIDER NATIONAL CARRIERS, INC.
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

PARISH: EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in the JACKSON Parish Courthouse, JONESBORO Louisiana, within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this FEBRUARY 15, 2022.

Deputy Clerk of Court
JACKSON Parish

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____        BY:_____
MILEAGE $_____
TOTAL    $_____

ORIGINAL – RETURN        COPY – SERVICE        COPY – CLERK



D645127

# CITATION

CHARLES MARSHALL

VS

DEVAUHGN LUMPKIN ET.AL.

DOCKET NUMBER: C-36737

SECOND JUDICIAL DISTRICT COURT

Parish of JACKSON

State of Louisiana

FILED

MAR 1 7 2022

BY: _____
KRISTINA WHITMAN, DY. CLERK
Jackson Parish Clerk of Court

TO:   OLD REPUBLIC INSURANCE COMPANY
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
      THE LOUISIANA SECRETARY OF STATE
      8585 ARCHIVES BOULEVARD
      BATON ROUGE, LA 70809

      Parish: EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in the JACKSON Parish Courthouse, JONESBORO Louisiana, within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this FEBRUARY 15, 2022.

_____
Deputy Clerk of Court
JACKSON Parish

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE $_____        BY:_____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

I made service on the named party through the

Office of the Secretary of State on

FEB 2 8 2022

by tendering a copy of this document to

☑ JULIE NESBITT  ☐ TAMMY GLOVER  ☐ KARA CALDWELL

DY. E. GASPARD #0922

D645101

# CITATION

CHARLES MARSHALL

VS

DEVAUHGN LUMPKIN ET.AL.

DOCKET NUMBER: C-36737

SECOND JUDICIAL DISTRICT COURT

Parish of JACKSON

State of Louisiana

**FILED**

BY: _Kristina Whitman_
KRISTINA WHITMAN, DY. CLERK
Jackson Parish Clerk of Court

MAR 17 2022

TO:   CLEAR BLUE SPECIALTY INSURANCE COMPANY
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
      THE LOUISIANA SECRETARY OF STATE
      8585 ARCHIVES BOULEVARD
      BATON ROUGE, LA 70809

Parish: EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in the JACKSON Parish Courthouse, JONESBORO Louisiana, within thirty (30) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this FEBRUARY 15, 2022.

_Wendy Gainer_
Deputy Clerk of Court
JACKSON Parish

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON
APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE
AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY
INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS
RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____,
20____.

SERVICE  $_____         BY:_____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

Deputy Sheriff, Parish of East Baton Rouge, Louisiana

FAX FILED: 3-88-8088

CHARLES MARSHALL

VERUS

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

DOCKET NO. 36737

2ND JUDICIAL DISTRICT COURT

PARISH OF JACKSON

STATE OF LOUISIANA

FILED

APR 0 6 2022

BY: _____
WENDY GAINES, DY. CLERK
Jackson Parish Clerk of Court

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel come Defendants, OLD REPUBLIC
INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC. and DEVAUGHN
LUMPKIN, who, for Answer to Plaintiff's Petition for Damages respectfully aver as follows:

1.

Except to admit the status and domicile of Old Republic Insurance Company, Schneider
National Carriers, Inc., and Devaughn Lumpkin, the allegations of paragraph one of Plaintiff's
Petition for Damages are denied for lack of sufficient information upon which to justify a belief
therein.

2.

The allegations of paragraph two of Plaintiff's Petition for Damages are denied for lack of
sufficient information upon which to justify a belief therein.

3.

Except to admit that on March 3, 2021, Devaughn Lumpkin was operating a 2017
Freightliner in Jackson Parish, Louisiana, the allegations of paragraph three of Plaintiff's Petition
for Damages are denied for lack of sufficient information upon which to justify a belief therein.

4.

Except to admit that a collision occurred between the vehicle being operated by Devaughn
Lumpkin and the vehicle being operated by Charles Marshall, the allegations of paragraph four of
Plaintiff's Petition for Damages are denied.

5.

The allegations of paragraph five of Plaintiff's Petition for Damages are denied.

6.

Except to admit that at the time of the subject accident Devaughn Lumpkin was in the
course and scope of his employment with Schneider National Carriers, Inc., the allegations of
paragraph six of Plaintiff's Petition for Damages are denied.

7.

The allegations of paragraph seven of Plaintiff's Petition for Damages contain no factual allegations but rather contain only legal conclusions and are denied on that basis.

8.

The allegations of paragraph eight of Plaintiff's Petition for Damages are denied.

9.

Except to admit that Old Republic Insurance Company issued a policy of commercial liability insurance in favor of Schneider National Carriers, Inc., said policy being subject to its own terms, limitations and exclusions, and as a written contract is pled as the best evidence of the contents therein, the allegations of paragraph nine of Plaintiff's Petition for Damages are denied.

10.

The allegations of paragraph ten of Plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations of paragraph eleven of Plaintiff's Petition for Damages do not necessitate a response by Defendants. To the extent that a response is required, the allegations of paragraph eleven are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations of paragraph twelve of Plaintiff's Petition for Damages do not necessitate a response by Defendants. To the extent that a response is required, the allegations of paragraph twelve are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations of paragraph thirteen of Plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

14.

AND NOW, IN FURTHER ANSWERING the allegations of Plaintiff's Petition for Damages, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN LUMPKIN specifically deny that they, or anyone for whom they may be responsible were negligent or at fault in causing the damages to Plaintiff herein, if any, but, rather, aver that said accident was caused by the fault of Charles Marshall, said acts of fault being set forth in the following non-exclusive particulars:

   a.   In being inattentive;

b.   In failing to see what he should have seen and after having seen same in failing to do what he should have done;

c.   In failing to exercise reasonable care in the operation of his vehicle;

d.   In causing his vehicle to strike the vehicle being operated by Devaughn Lumpkin; and

e.   Any other acts of negligence to be proven at trial of this matter.

15.

Alternatively, Defendants allege the comparative fault of Plaintiff and that Plaintiff's recovery, if any, should be reduced in proportion to Plaintiff's comparative fault.

16.

Defendants aver that they are entitled to and hereby request a trial by jury on all issues in this matter.

WHEREFORE, premises considered, Defendants, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN LUMPKIN pray that this Answer to Petition for Damages be deemed good and sufficient and that after all legal delays and due proceedings, there be judgment rendered herein in their favor and against Plaintiff, CHARLES MARSHALL, with prejudice and at Plaintiff's cost.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC

RESPECTFULLY SUBMITTED
THE DILL FIRM, APLC

BY: _____    by AL w/ authority
JAMES M. DILL (Bar Roll #18868)
G. AUSTIN LOVE (Bar Roll #36554)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 1216
Facsimile: (337) 261-9176
Email: alove@dillfirm.com
ATTORNEY FOR OLD REPUBLIC INSURANCE
COMPANY, SCHNEIDER NATIONAL
CARRIERS, INC., AND DEVAUGN LUMPKIN

CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by U.S. mail, facsimile, and/or electronic mail.

Lafayette, Louisiana, this _28_ day of March 2022.

_____    by AL w/ authority
JAMES M. DILL

CHARLES MARSHALL

VERUS

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

DOCKET NO. 36737

2ND JUDICIAL DISTRICT COURT

PARISH OF JACKSON

STATE OF LOUISIANA

FILED

APR 0 6 2022

BY: _____
WENDY GAINES, DY. CLERK
Jackson Parish Clerk of Court

## REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

**TO THE CLERK OF COURT** of the 2nd Judicial District Court in and for the Parish of

Jackson, Louisiana:

Please take notice that James M. Dill and G. Austin Love, attorneys for Old Republic

Insurance Company, Schneider National Carriers, Inc., and Devaughn Lumpkin, do hereby request

written notice of the date of trial of the above matter as well as notice of hearings (whether on the

merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps

taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of

Civil Procedure, particularly Articles 1572, 1913 and 1914.

RESPECTFULLY SUBMITTED

**THE DILL FIRM, APLC**

BY: _____        by A. with'ty

JAMES M. DILL (Bar Roll #18868)
G. AUSTIN LOVE (Bar Roll #36554)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 1216
Facsimile: (337) 261-9176
Email: alove@dillfirm.com
ATTORNEY FOR OLD REPUBLIC INSURANCE
COMPANY, SCHNEIDER NATIONAL
CARRIERS, INC., AND DEVAUGN LUMPKIN

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served

upon counsel for all parties to this proceeding by U.S. mail, facsimile, and/or electronic mail.

Lafayette, Louisiana, this 28 day of March 2022.

_____        by A. with'ty

JAMES M. DILL

CHARLES MARSHALL                        DOCKET NO. 36737

VERUS                                   2ND JUDICIAL DISTRICT COURT

DEVAUGHN LUMPKIN, OLD                   PARISH OF JACKSON
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,            STATE OF LOUISIANA
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY



## **JURY ORDER**

Considering the Answer to Petition for Damages filed by Defendants, OLD REPUBLIC

INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN

LUMPKIN;

Let this matter be tried by a jury upon Defendants, OLD REPUBLIC INSURANCE

COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., and DEVAUGHN LUMPKIN

posting bond in the amount of $_____.

_____, Louisiana, this _____ day of _____, 2022.

_____
DISTRICT JUDGE


D652339

# NOTICE – OTHER THAN PETITION

| | |
|---|---|
| CHARLES MARSHALL | SECOND JUDICIAL DISTRICT COURT |
| VS | Parish of JACKSON |
| DEVAUHGN LUMPKIN ET.AL. | State of Louisiana |
| DOCKET NUMBER: C-36737 | |

TO:   JAMES M. DILL
        825 LAFAYETTE STREET
        LAFAYETTE, LA 70502-3324

Parish:

Please take notice that JURY BOND ORDER was/were filed this day as per the attached copy.

This service was issued by the Clerk of Court, this APRIL 14, 2022.

LAURA H. CULPEPPER
Clerk of Court

*Laura H. Culpepper*
Deputy Clerk of Court
JACKSON Parish

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20_____

SERVICE $_____          BY: _____
MILEAGE $_____
TOTAL      $_____                 DEPUTY SHERIFF

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

FILED

APR 1 4 2022

By _Laura H. Culpepper_
LAURA H. CULPEPPER
Jackson Parish Clerk of Court

CHARLES MARSHALL                           *2ND JUDICIAL DISTRICT COURT

VS. NO. 36,737                             *PARISH OF JACKSON

DEVAUGHN LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS, INC.,
R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY                          * STATE OF LOUISIANA

## O R D E R

IT IS HEREBY ORDERED that this matter is fixed for trial, by jury, on all issues triable by jury, between the parties.

IT IS FURTHER ORDERED that defendant, DEVAUGHN LUMPKIN, OLD REPUBLIC INSURANCE COMPANY, SCHNEIDER NATIONAL CARRIERS, INC., R.G.S. TRUCKING, INC., AND CLEAR BLUE SPECIALTY INSURANCE COMPANY, deposit with the Clerk of this Court at least thirty days prior to the trial date, cash in the sum of $7,500.00 to cover the costs of a three-day jury trial, as estimated by the Court and in accordance with R. S. 13:3049 and R. S. 48:451.3.

IT IS FURTHER ORDERED that defendant, DEVAUGHN LUMPKIN, OLD REPUBLIC INSURANCE COMPANY, SCNEIDER NATIONAL CARRIERS, INC., R.G.S. TRUCKING, INC., AND CLEAR BLUE SPECIALTY INSURANCE COMPANY, at the time of posting bond pay to the Clerk of this Court the sum of One Hundred Fifty Dollars ($150.00) as jury filing fees.

THUS DONE AND SIGNED this 14th day of April, 2022.

JUDGE
SECOND JUDICIAL DISTRICT COURT
PARISH OF JACKSON
STATE OF LOUISIANA

FILED

MAY 1 6 2022

*Laura H. Culpepper*

LAURA H. CULPEPPER
Jackson Parish Clerk of Court

CHARLES MARSHALL

DOCKET NO. 36737

VERSUS

PARISH OF JACKSON

DEVAUGH LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

2ND JUDICIAL DISTRICT COURT

**ANSWER OF CLEAR BLUE SPECIALTY INSURANCE COMPANY TO PLAINTIFF'S
PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes CLEAR BLUE

SPECIALTY INSURANCE COMPANY, named defendant herein, and for Answer to the

Petition for Damages filed herein by Plaintiff CHARLES MARSHALL, does hereby deny

each and every allegation contained therein, unless hereinafter specifically admitted, and

further responds as follows:

1.

The allegations contained in Article 1 of Plaintiff's petition are admitted with respect

to the identity of the defendants named therein.  In all other respects, said allegations are

denied as written.

2.

With respect to the allegations contained in Article 2 of Plaintiff's petition,

Respondent generally admits there was an accident on the date and at the time and

location alleged. In all other respects, said allegations are denied as written.

3.

With respect to the allegations contained in Article 3 of Plaintiff's petition,

Respondent generally admits there was an accident on the date and at the time and

location alleged. In all other respects, said allegations are denied as written.

4.

With respect to the allegations contained in Article 4 of Plaintiff's petition, Respondent generally admits there was an accident on the date and at the time and location alleged. In all other respects, said allegations are denied as written.

5.

The allegations contained in Article 5 (a) through (f) of Plaintiff's petition are denied.

6.

The allegations contained in Article 6 of Plaintiff's petition are admitted.

7.

The allegations contained in Article 7 of Plaintiff's petition are not levied against Respondent and, therefore, no response is required. To the extent the Court may hold otherwise, said allegations are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Article 8 of Plaintiff's petition are not levied against Respondent and, therefore, no response is required. To the extent the Court may hold otherwise, said allegations are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Article 9 of Plaintiff's petition are admitted.

10.

The allegations contained in Article 10 of Plaintiff's petition are denied.

11.

With respect to the allegations contained in Article 11 of Plaintiff's petition, Respondent shows that any policy of insurance issued by CLEAR BLUE SPECIALTY INSURANCE COMPANY that pertains to the case is the best evidence of its contents and strict proof thereof is demanded. It is In all other respects, said allegations are denied.

12.

The allegations of Article 12 of Plaintiff's petition are denied as written.

13.

The allegations of Article 13 of Plaintiff's petition are denied as written.

14.

FURTHER ANSWERING, Respondent shows that the accident and any resulting injuries which may have been suffered by Plaintiff CHARLES MARSHALL were caused by his sole and exclusive negligence and/or that of his employer and owner of the vehicle he was driving, SCHNEIDER NATIONAL CARRIERS, INC. in the following non-exclusive particulars:

A.    Failing to keep a proper lookout;

B.    Failing to mainta n control as one should have done under the circumstances;

C.    Failing to have the motor vehicle being driven under proper and adequate control;

D.    Failing to pay attention as a reasonable and prudent person would have done under the circumstances;

E.    Failure to maintain the vehicle in good operating condition, including but not limited to the functioning of his brakes and brake indicator lights;

F.    Any and all acts of negligence to be determined through discovery and proven at trial;

all of which acts constitute fault and/or negligence which serve to reduce any recovery that may be had herein on the part of Plaintiff CHARLES MARSHALL, in accordance with the principles of comparative negligence, fault, and/or contribution under the Louisiana Civil Code and the Louisiana Code of Civil Procedure.

15.

FURTHER ANSWERING, Respondent, on information and belief, shows that Plaintiff CHARLES MARSHALL, has failed or may have failed to mitigate his damages herein.

16.

FURTHER ANSWERING, Respondent is entitled to and hereby request trial by jury on all issues herein.

WHEREFORE, Respondent CLEAR BLUE SPECIALTY INSURANCE COMPANY, prays:

A.    That this *Answer* be deemed good and sufficient and after all due proceedings are had that there be judgment herein in favor of Respondent CLEAR BLUE SPECIALTY INSURANCE COMPANY and against plaintiff CHARLES MARSHALL, rejecting his demands, at his cost;

B.    IN THE ALTERNATIVE, that in the event there is any judgment herein in favor of Plaintiff CHARLES MARSHALL, and against Respondent CLEAR BLUE SPECIALTY INSURANCE COMPANY, which is denied, then and in that event, any such recovery by Plaintiff should be reduced for the fault of, and in proportion to the fault of Plaintiff CHARLES MARSHALL and any other person or party, whether or not named as a party to the suit, all in accordance with the principles of comparative negligence, fault, and/or contribution under the Louisiana Civil Code and the Louisiana Code of Civil Procedure;

D.    IN THE FURTHER ALTERNATIVE, Respondent prays that any recovery had herein by Plaintiff CHARLES MARSHALL, against Respondent should be reduced in accordance with Plaintiff's' failure to mitigate his damages;

E.    That the Court grant Respondent's request for trial by jury herein;

F.    FURTHER PRAYS, for all other general and equitable relief in the premises and that which may be demanded in any amended pleadings filed on behalf of respondent herein.

Respectfully submitted,

LUNN IRION LAW FIRM, LLC

By: _____
       Gerald M. Johnson, Jr. # 16987
ATTORNEYS FOR CLEAR BLUE SPECIALTY
INSURANCE COMPANY

8670 Box Road, Building A
Shreveport, Louisiana 71106
318-222-0665 Telephone
318-220-3265 Facsimile

## CERTIFICATE

I HEREBY CERTIFY that an exact copy of the foregoing *Answer to Original Petition* has been forwarded to all counsel of record by electronic mail.

Shreveport, Caddo Parish, Louisiana, this _____ day of _____, 2022.

_____
OF COUNSEL

CHARLES MARSHALL                         DOCKET NO. 36737

VERSUS                                   PARISH OF JACKSON

DEVAUGH LUMPKIN, OLD                     2ND JUDICIAL DISTRICT COURT
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,             **FILED**
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY                 MAY 1 6 2022
INSURANCE COMPANY
                                         LAURA H. CULPEPPER
                                         Jackson Parish Clerk of Court

### REQUEST FOR NOTICE OF TRIAL AND OF JUDGMENT

NOW INTO COURT, through undersigned counsel, come CLEAR BLUE

SPECIALTY INSURANCE COMPANY, defendants in the above entitled cause, and

request ten days written notice of trial pursuant to Louisiana Code of Civil Procedure,

Article 1572, and request ten days written notice of all final judgments pursuant to

Louisiana Code of Civil Procedure, Articles 1913 and 1914, in regard to all hearings held

in the above captioned matter.

                              Respectfully submitted,

                              LUNN IRION LAW FIRM, LLC

8670 Box Road, Building A
Shreveport, Louisiana 71106   By:
318-222-0665 Telephone              Gerald M. Johnson, Jr. # 16987
318-220-3265 Facsimile        ATTORNEYS FOR CLEAR BLUE SPECIALTY
                              INSURANCE COMPANY


### C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice has

this day been served upon all counsel of record, by fax and by being placed in the United

States Mail, properly addressed and with sufficient postage affixed thereon.

Shreveport, Caddo Parish, Louisiana, this _____ day of _____, 2022.


                              _____
                                        OF COUNSEL

CHARLES MARSHALL

VERSUS

DEVAUGH LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

DOCKET NO. 36737

PARISH OF JACKSON

2ND JUDICIAL DISTRICT COURT

**FILED**

MAY 1 6 2022

LAURA H. CULPEPPER
Jackson Parish Clerk of Court

<u>ORDER</u>

CONSIDERING the civil jury trial requested by respondent, CLEAR BLUE

SPECIALTY INSURANCE COMPANY:

IT IS ORDERED that respondents herein be granted a trial by civil jury and that

the amount of the civil jury bond be set and the bond filed in accordance with C.C.P.

Article 1734 and with the *Order* setting the case for trial.

THUS DONE AND SIGNED in Shreveport Louisiana, Caddo Parish,  Louisiana

on  this  the  _____  day of_____ , 2022.

Left blank intentionally
_____
DISTRICT JUDGE

**ORDER PREPARED BY:**
LUNN IRION LAW FIRM LLC
8670 Box Road, Building A
Shreveport, Louisiana 71106

_____
GERALD M. JOHNSON, JR.
La. Bar Roll No. 16987
(318)222-0665 Telephone
(318)220-3265 Facsimile



**LUNN IRION LAW FIRM LLC**
330 Marshall Street, Suite 500, Shreveport, LA 71101
MAILING ADDRESS: P.O. Box 1534, Shreveport, LA 71165-1534
TELEPHONE: (318) 222-0665  FACSIMILE: (318) 220-3265

RONALD E. RANEY
JAMES A. MIJALIS
GERALD M. JOHNSON, JR.
WALTER S. SALLEY
J. MARTIN LATTIER
PENNY N. NOWELL
W. ORIE HUNTER, III.
ALEXANDER J. MIJALIS
HAROLD R. BICKNELL, III

WILBURN V. LUNN (1981)
VAL IRION (1986)
HARRY A. JOHNSON, JR. (1983)
FRANK M. WALKER, JR. (1998)
RICHARD B. KING, JR. (2011)
JAMES B. GARDNER (2015)

CHARLES W. SALLEY
JACK E. CARLISLE, JR
of Counsel

**Writer's email:**
gmj@lunnirion.com

May 11, 2022

FILE NO.   1197-6

Jackson Parish Clerk of Court
Lauren H. Culpepper
500 E Court Street, #103
Jonesboro, Louisiana 71251

Re:  **Charles Marshall versus Devaugh Lumpkin, Old Republic Insurance Company, Schneisher National Carriers, Inc., R.G.S. Trucking, Inc., and Clear Blue Specialty Insurance Company; Docket No. 36,737; Jackson Parish, La; 2nd JDC**

Dear Clerk:

On behalf of defendant Clear Blue Specialty Insurance Company, enclosed is an original and one copy of the Answer to Petition for Damages and proposed Jury Order in the above captioned matter.

Please present these pleadings to the appropriate Judge and when the Jury Order is signed please file the original in the record and return the extra copy to me bearing your "filed" stamp via our enclosed self addressed stamped envelope.

By copy of this letter to all other counsel I am forwarding service copies of same. Our firm check in the amount $55.00 is also enclosed for filing costs.

Very truly yours,

Gerald M. Johnson, Jr.

GMJ/yem
Enclosure(s):
Answer to Petition for Damages
Firm Check $55.00

cc:  Cory Hebert *via email w/encl.*
     Geya Prudhomme *via email w/encl.*

**FILED**

MAY 2 4 2022

By _Laura H. Culpepper_
LAURA H. CULPEPER
Jackson Parish Clerk of Court

CHARLES MARSHALL                    \*2ND JUDICIAL DISTRICT COURT

VS. NO. 36,737                          \*PARISH OF JACKSON

CLEAR BLUE SPECIALTY
INSURANCE COMPANY                   \*STATE OF LOUISIANA

## O R D E R

IT IS HEREBY ORDERED that this matter is fixed for trial, by jury, on all issues triable by jury, between the parties.

IT IS FURTHER ORDERED that the CLEAR BLUE SPECIALTY INSURANCE COMPANY, deposit with the Clerk of this Court at least thirty days prior to the trial date, cash in the sum of $7,500.00 to cover the costs of a three day jury trial, as estimated by the Court and in accordance with R.S. 13:3049 and CLEAR BLUE SPECIALTY INSURANCE COMPANY, at the time of posting bond pay to the Clerk of this Court the sum of One Hundred Fifty Dollars ($150.00) as jury filing fees.

THUS DONE AND SIGNED this 18TH of MAY, 2022.

J U D G E
SECOND JUDICIAL DISTRICT COURT
PARISH OF JACKSON
STATE OF LOUISIANA

FILED

JUN 0 1 2022

BY: _Dodie Ford_

DODIE FORD, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSHALL                    DOCKET NO. 36737

VERSUS                              PARISH OF JACKSON

DEVAUGH LUMPKIN, OLD                2ND JUDICIAL DISTRICT COURT
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

### EXCEPTIONS AND ANSWER OF R.G.S. TRUCKING, INC TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes R.G.S TRUCKING, INC,
named  defendant herein, and for asserting certain Exceptions and for Answer to the
Petition for Damages filed herein by Plaintiff CHARLES MARSHALL, does hereby deny
each and every allegation contained therein, unless hereinafter specifically admitted, and
further responds as follows:

I.

### PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION

Respondent herein specifically pleads the Peremptory Exception of No Cause of
Action pursuant to Article 927 of the Louisiana Code of Civil Procedure, for the following
reasons.

1.

The allegations of the petition fail to sufficiently set forth any cause of action against
Respondent under any theory of Louisiana Law, either in negligence or otherwise.

2.

The allegations of the petition merely state that R.G.S. TRUCKING, INC. was the
owner of the vehicle being driven by plaintiff CHARLES MARSHALL at the time of the
accident and that R.G.S. TRUCKING, INC. had been issued a policy of insurance by
defendant Clear Blue Specialty Insurance Company.

3.

Respondent shows that these allegations are insufficient as a matter of law to impose liability for the accident on defendant R.G.S. TRUCKING, INC. and that plaintiff's demands against R.G.S. TRUCKING, INC. should be dismissed.

II.

**ANSWER TO PETITION FOR DAMAGES**

And now, without waiving any of the above Exceptions, Respondents hereby answer the Petition for Damages as follows:

1.

The allegations contained in Article 1 of Plaintiff's petition are admitted with respect to the identity of the defendants named therein.  In all other respects, said allegations are denied as written.

2.

With respect to the allegations contained in Article 2 of Plaintiff's petition, Respondent generally admits there was an accident on the date and at the time and location alleged. In all other respects, said allegations are denied as written.

3.

With respect to the allegations contained in Article 3 of Plaintiff's petition, Respondent generally admits there was an accident on the date and at the time and location alleged. In all other respects, said allegations are denied as written.

4.

With respect to the allegations contained in Article 4 of Plaintiff's petition, Respondent generally admits there was an accident on the date and at the time and location alleged. In all other respects, said allegations are denied as written.

5.

The allegations contained in Article 5 (a) through (f) of Plaintiff's petition are denied.

6.

The allegations contained in Article 6 of Plaintiff's petition are admitted.

7.

The allegations contained in Article 7 of Plaintiff's petition are not levied against Respondent and, therefore, no response is required. To the extent the Court may hold otherwise, said allegations are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Article 8 of Plaintiff's petition are not levied against Respondent and, therefore, no response is required. To the extent the Court may hold otherwise, said allegations are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Article 9 of Plaintiff's petition are admitted.

10.

The allegations contained in Article 10 of Plaintiff's petition are denied.

11.

With respect to the allegations contained in Article 11 of Plaintiff's  petition, Respondent shows that any policy of insurance issued by Clear Blue Specialty Insurance Company that pertains to the case is the best evidence of its contents and strict proof thereof is demanded.  It is In all other respects, said allegations are denied.

12.

The allegations of Article 12 of Plaintiff's petition are denied as written.

13.

The allegations of Article 13 of Plaintiff's petition are denied as written.

14.

FURTHER ANSWERING, Respondent shows that the accident and any resulting injuries which may have been suffered by Plaintiff CHARLES MARSHALL were caused by his sole and exclusive negligence and/or that of his employer and owner of the vehicle he was driving, SCHNEIDER NATIONAL CARRIERS, INC. in the following non-exclusive particulars:

A.   Failing to keep a proper lookout;

B.   Failing to maintain control as one should have done under the circumstances;

C.   Failing to have the motor vehicle being driven under proper and adequate control;

D.   Failing to pay attention as a reasonable and prudent person would have done under the circumstances;

E.   Failure to maintain the vehicle in good operating condition, including but not limited to the functioning of his brakes and brake indicator lights;

F.   Any and all acts of negligence to be determined through discovery and proven at trial;

all of which acts constitute fault and/or negligence which serve to reduce any recovery that may be had herein on the part of Plaintiff CHARLES MARSHALL, in accordance with the principles of comparative negligence, fault, and/or contribution under the Louisiana Civil Code and the Louisiana Code of Civil Procedure.

15.

FURTHER ANSWERING, Respondent, on information and belief, shows that Plaintiff CHARLES MARSHALL, has failed or may have failed to mitigate his damages herein.

16.

FURTHER ANSWERING, Respondent is entitled to and hereby request trial by jury on all issues herein.

WHEREFORE, Respondent R.G.S TRUCKING, INC, prays:

A.    That the Peremptory Exception of No Cause of Action be granted and that the demands of plaintiff CHARLES MARSHALL against R.G.S TRUCKING, INC, be dismissed, with prejudice, at his costs;

B.    IN THE ALTERNATIVE, that this Answer be deemed good and sufficient and after all due proceedings are had that there be judgment herein in favor of Respondent R.G.S TRUCKING, INC, and against plaintiff CHARLES MARSHALL, rejecting his demands, at his cost;

C.    IN THE FURTHJER ALTERNATIVE, that in the event there is any judgment herein in favor of Plaintiff CHARLES MARSHALL, and against Respondent R.G.S TRUCKING, INC. which is denied, then and in that event, any such recovery by Plaintiff should be reduced for the fault of, and in proportion to the fault of Plaintiff CHARLES MARSHALL and any other person or party, whether or not named as a party to the suit, all in accordance with the principles of comparative negligence, fault, and/or contribution under the Louisiana Civil Code and the Louisiana Code of Civil Procedure;

D.    IN THE FURTHER ALTERNATIVE, Respondent prays that any recovery had herein by Plaintiff CHARLES MARSHALL, against Respondent should be reduced in accordance with Plaintiffs' failure to mitigate his damages;

E.    That the Court grant Respondent's request for trial by jury herein;

F.    FURTHER PRAYS, for all other general and equitable relief in the premises and that which may be demanded in any amended pleadings filed on behalf of respondent herein.

Respectfully submitted,

LUNN IRION LAW FIRM, LLC

8670 Box Road, Building A
Shreveport, Louisiana 71106     By: _____
318-222-0665 Telephone                 Gerald M. Johnson, Jr. # 16987
318-220-3265 Facsimile             ATTORNEYS FOR R.G.S TRUCKING, INC.

FILED

JUN 0 1 2022

BY: _____
DODIE FORD, DY. CLERK
Jackson Parish Clerk of Court

## CERTIFICATE

I HEREBY CERTIFY that an exact copy of the foregoing Exceptions and Answer to

Original Petition has been forwarded to all counsel of record by electronic mail.

Shreveport, Caddo Parish, Louisiana, this _____ day of _____, 2022.

_____
OF COUNSEL

FILED

JUN 0 1 2022

BY: _Dobie Ford_

DOBIE FORD, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSHALL

VERSUS

DEVAUGH LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

DOCKET NO. 36737

PARISH OF JACKSON

2ND JUDICIAL DISTRICT COURT

## REQUEST FOR NOTICE OF TRIAL AND OF JUDGMENT

NOW INTO COURT, through undersigned counsel, come R.G.S TRUCKING, INC,

defendant in the above entitled cause, and requests ten days written notice of trial

pursuant to Louisiana Code of Civil Procedure, Article 1572, and requests ten days written

notice of all final judgments pursuant to Louisiana Code of Civil Procedure, Articles 1913

and 1914, in regard to all hearings held in the above captioned matter.

Respectfully submitted,

LUNN IRION LAW FIRM, LLC

8670 Box Road, Building A
Shreveport, Louisiana 71106
318-222-0665 Telephone
318-220-3265 Facsimile

By: _____
      Gerald M. Johnson, Jr. # 16987
ATTORNEYS FOR R.G.S TRUCKING, INC.

## C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice has

this day been served upon all counsel of record, by fax and by being placed in the United

States Mail, properly addressed and with sufficient postage affixed thereon.

Shreveport, Caddo Parish, Louisiana, this _____ day of _____, 2022.

_____
OF COUNSEL

FILED

JUN 0 1 2022

BY: Dodie Ford
DODIE FORD, DY. CLERK
Jackson Parish Clerk of Court

CHARLES MARSH

VS. NO. 36,737

DEVAUGH LUMPKIN, OLD
REPUBLIC INSURANCE COMPANY,
SCHNEIDER NATIONAL CARRIERS,
INC., R.G.S. TRUCKING, INC.,
AND CLEAR BLUE SPECIALTY
INSURANCE COMPANY

*2ND JUDICIAL DISTRICT COURT

*PARISH OF JACKSON

*STATE OF LOUISIANA

## O R D E R

IT IS HEREBY ORDERED that this matter is fixed for trial, by jury, on all issues triable by jury, between the parties.

IT IS FURTHER ORDERED that R.G.S. TRUCKING, INC., deposit with the Clerk of this Court at least thirty days prior to the trial date, cash in the sum of $7,500.00 to cover the costs of a three-day jury trial, as estimated by the Court and in accordance with R.S. 13:3049 and R.G.S. TRUCKING, INC., at the time of posting bond pay to the Clerk of this Court the sum of One Hundred Fifty Dollars ($150.00) as jury filing fees.

THUS DONE AND SIGNED this 31ST of MAY, 2022.

JUDGE
SECOND JUDICIAL DISTRICT COURT
PARISH OF JACKSON
STATE OF LOUISIANA